**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVA BOWEN,

    Plaintiff,

vs.                                     CASE NO. 3:12-cv-1375-J-99MMH-TEM

OFFICE OF GENERAL COUNSEL,
*et al.*,

    Defendants.
_____

**O R D E R**

        This case is before the Court on Plaintiff's Motion for Appointment of Process Server (Doc. #9, Motion), filed January 7, 2013. Plaintiff, who is proceeding in this action without benefit of legal counsel, filed the instant motion requesting the Court appoint the United States Marshal to serve process in this case. Plaintiff states, "Defendant refuses to accept summons from [a] civil server." Motion at 1. Plaintiff also refers to an attached statement, which, however, was not filed with the instant motion.

        Although proceeding in this matter as a *pro se* litigant, Plaintiff paid the filing fee to commence this action. Thus, the provisions of 28 U.S.C. § 1915(d) that provide service of process by a United States Marshal to indigent litigants do not apply in this case.

        A *pro se* plaintiff is not relieved of her responsibility to timely and properly effect service of process in an action that she initiated. *See Bryant v. Rohr Ind., Inc.*, 116 F.R.D. 530 (W.D. Wash. 1987) (dismissing case and finding ignorance of procedural requirements governing service of process was not good cause for failure of the *pro se* plaintiff to properly serve defendants); *Yanke v. Ludlow*, No. 2:11-cv-00962-CW-SA, 2012 WL

2914557, slip op., at *12 n.6 (D. Utah May 30, 2012) (noting *pro se* status does not excuse obligations to comply with "fundamental requirements" of the rules of procedure); *Guilder v. F.B.I.*, No. 10-20553-CIV, 2011 WL 1988454, at *3 (S.D. Fla. Apr. 18, 2011) ("while allegations in *pro se* pleadings are liberally construed, *pro se* plaintiffs are not relieved of the requirements of service of process").[1]  "Service of process is a jurisdictional requirement: a Court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Medical Ctr.*, 896 F.2d. 1313, 1317 (11th Cir. 1990).

Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, a court in its discretion <u>may</u> direct service of process be made by a United States Marshal or deputy marshal, upon a plaintiff's request.  Plaintiff would need to pay for service of process by the United States Marshal's service.  *See Hargrove v. Thorpe*, No. 2:05-cv-617-FtM-99SPC, 2007 WL 2774208, at *2 (M.D. Fla. Sept. 13, 2006).  The cost for such service within the Jacksonville Division of the Middle District of Florida is currently $55 for each service of summons and complaint, plus a charge of $.56 per mile for each mile of travel.

To date, Plaintiff has not presented a circumstance in this case that would warrant use of the Court's discretion to grant the sought relief.  Service of process must be effected within 120 days from the filing of the complaint.  *See* Fed. R. Civ. P. 4(m).  The case was filed on December 20, 2012.  Ample time remains for Plaintiff to properly serve the Defendants in this action.  Moreover, the District Court has directed Plaintiff to file an amended complaint in conformance with minimum pleading standards explained in the

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

order (*see* Doc. #4, Court Order). The amended complaint has yet to be filed and is due by January 31, 2013.

Upon consideration, Plaintiff's Motion for Appointment of Process Server (Doc. #9) is hereby **DENIED without prejudice**. If, after filing a properly amended complaint, Plaintiff is unable to effect service of process upon each named Defendant, Plaintiff may file a renewed motion for service by the United States Marshal. Any subsequent motion on this matter must contain full detail of the efforts made to effect service of process.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of January, 2013.

Copies to:
*Pro se* Plaintiff
Counsel of record

THOMAS E. MORRIS
United States Magistrate Judge