**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVA BOWEN,

    Plaintiff,

vs.                                                                       CASE NO. 3:12-cv-1375-J-99MMH-TEM

OFFICE OF GENERAL COUNSEL,
*et al.*,

    Defendants.
_____

**O R D E R**

This case is before the Court on a number of non-dispositive motions filed from January 23, 2013 through February 20, 2013 (*see* Docs. #23, #26, #33, #38). Responses have been filed to all but "Plaintiff's Verifiable Petition to Recuse United States District Judge Marcia Morales Howard and Magistrate Judge Thomas E. Morris and Order to Change Venue and Transfer Case to Miami, Florida (Doc. #23, "Motion to Recuse and to Change Venue"), which was filed on January 23, 2013. The time for response to the Motion to Recuse and to Change Venue has expired; thus, these motions are ripe for the Court's consideration. Upon consideration of the referenced motions, the responses (Docs. #29, #39) and arguments made therein, the Court enters the following rulings.

1.    Plaintiff's Motion to Recuse and to Change Venue ( Doc. #23) is **DENIED**. In the instant motion Plaintiff complains, "Given the proven past history of the General Counsel's Office regarding ex-parte communications to influence and corrupt the judicial process, and the confidence with which the Defendant's Counsel [sic] declared dismissal on the 16th of January when Plaintiff was under orders to submit an amended complaint by 31st of

January, 'AND STATING AS A FACT' that future amended complaints will be dismissed, then the conclusion must be drawn that the fairness of these proceedings has been tainted." Motion to Recuse and to Change Venue at 2-3 (emphasis in original).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. *United States vs. Malmsberry*, 222 F. Supp. 2d 1345 (M.D. Fla. 2002) (citing *United States vs. Greenspan*, 26 F.3d 1001 (10th Cir. 1994)). An unsubstantiated suggestion of personal bias or prejudice is insufficient to warrant recusal or disqualification. *Id.* at 1349 (internal citations omitted). Here, Plaintiff's concern that the fairness of these proceedings has been tainted is without foundation.

2.   Defendants' Motion to Stay Discovery and Case Management Requirements and Relieve Defendants of Necessity of Holding Case Management Conference With Plaintiff (Doc. #26) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. To the extent the motion requests Defendants be relieved of case management conference duties, the motion is **DENIED AS MOOT**. Judge Howard has ordered all parties to participate in the case management conference and to file a proper Case Management Report not later than March 25, 2013 (*see* Doc. #40, Court Order). To the extent the motion request discovery be stayed, the motion is **GRANTED IN PART**.

Noting that it is impermissible for discovery to begin until after completion of the case management conference, the Court nonetheless has taken a preliminary peek at the

2

pending motions to dismiss and has weighed the potential harm in the delay of discovery against the possibility the motions to dismiss will be granted. *See* Fed. R. Civ. P. 26(d)(1); *Feldman v. Flood,* 176 F.R.D. 651, 652-653 (M.D. Fla. 1997). As noted in *Feldman*, motions to stay discovery are disfavored, but discovery may be stayed to determine certain dispositive issues, such as the immunity of government officials being sued. *Id.* at 652 (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In this case, Defendants seek dismissal on a number of grounds, one of which claims most individual Defendants are entitled to qualified immunity from the suit (*see* Doc. #30, Defendants' Motion to Dismiss Amended Complaint With Prejudice, or Alternatively to Abstain, at 14-15). However, it is rarely appropriate to stay discovery when resolution of the pending motion will not dispose of the entire case. *Id.* (citation omitted). Yet, qualified immunity does seek to protect government officials from the burdens of litigation, which includes the discovery process. *See Harlow*, 457 U.S. at 817-18; *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, the Court finds the burdens of litigation on Defendants outweigh Plaintiff's need for the immediate commencement of the discovery process.

Although this Court expresses no opinion whether qualified immunity will stand as a defense in this case or will ultimately succeed in the above-referenced motion to dismiss, the undersigned recognizes case precedent exists to protect government officials named as defendants from the discovery process until the issue of immunity is ruled upon once it has been raised. *See, e.g., Caraballo-Sandoval v. Honsted*, 35 F. 3d 521, 524 (11th Cir. 1994) (noting that the district court properly stayed discovery in that civil rights case until the issue of qualified immunity of prison officials was decided); *see also Williams v.*

*Consolidated City of Jacksonville,* 341 F.3d 1261, 1271-73 (11th Cir. 2003) (finding qualified immunity applied to the Jacksonville Fire Chief).  Even though Defendant W.O. Birchfield has not raised an issue as to immunity, but has moved to dismiss this action for lack of jurisdiction, the Court finds it appropriate to postpone all discovery pursuits in this case for a brief period of time. Thus, upon due consideration, discovery will be stayed for a period of ninety days (90) as to all Defendants.  Absent further order of the Court, this **stay shall expire on June 11, 2013.**  If necessary, any party may seek enlargement of the stay with the filing of a proper motion.

3.     Plaintiff's Motion for Order to Compel Defendants to Conduct Court Ordered Case Management Conference or Motion for Default Judgment (Doc. #33) is **DEEMED MOOT** in light of Judge Howard's Order directing all parties to participate in the case management conference.

4.     Plaintiff's Motion for Rule to Show Cause (Doc. #38) is **DEEMED MOOT**  in light of Judge Howard's Order directing all parties to participate in the case management conference.

5.     The Court takes note that Plaintiff filed Plaintiff's referenced motions (Docs. #23, #33, #38) without certifying Plaintiff's conference with Defendants' counsel in an effort to resolve these matters before bringing them to the Court, as required by Local Rule 3.01(g). The Court will excuse Plaintiff's failure in these instances; however, Plaintiff should not expect such leniency in the future.  To be clear, both Plaintiff, as a *pro se* litigant with the same responsibilities as an attorney in this litigation, and Defendants' counsel of record must:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

M.D. Fla. Loc. R. 3.01(g).

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of March, 2013.

Copies to *pro se* parties
and counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

5